[Civ. No. 8716. Second Appellate District, Division Two.—February 9, 1933.]

FRANK NEWMAN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, SCOTT BROS. WELL DRILLING COMPANY et al., Respondents.

Goldman & Lieberman for Petitioner.

Arthur I. Townsend for Respondents.

WORKS, P. J.— The sole question in this proceeding is whether respondent Commission, in allowing an adjustment of compensation to petitioner, correctly found as a basis for the award that his daily earning capacity was two dollars and fifty cents. At the time of his injury petitioner was working under a contract of employment which read, in part, "that said employee shall be employed . . . for the purpose of aiding and assisting in drilling an oil well . . . ; the salary to be paid said employee is $11.50 per day, which is to be paid as follows: $2.50 per day in cash payable each 15 days during said employment and the balance of said wages shall be paid when and as and if said well produces oil in paying quantities and then 20% of said oil shall be set aside and sold by said employer and the funds as re-

ceived in from the sale of said oil shall be paid proportionately to all the employees of said employer who are working under this or similar agreements''. This quotation from the agreement should be supplemented by the statement that the work done under it by petitioner was that of a derrickman.

No precedent to aid in the construction of such a contract as this is presented to us, and we must do the best we can with a troublesome question of first impression. The contract is properly susceptible of either of two interpretations: 1. Petitioner's services were worth no more than two dollars fifty cents the day, but the employer was willing to pay him a bonus, along with its other employees, in the event that what was something in the nature of a gamble should turn out to the employer's advantage. 2. Petitioner's services were worth eleven dollars and fifty cents the day, but the employer had not the means to pay, or was unwilling to pay that much in the event that the venture upon which it was embarked should turn out disastrously. These alternatives are really alike in one respect and as to that matter they but show the same thing in rhetorically different forms. Under each of them and pursuant to the contract petitioner was willing to work for the employer at an ultimate wage of two dollars fifty cents the day. Also, the contract was dated in November, 1931. Under familiar rules of law we take judicial notice of the fact that at that time unemployment was rife in the land and that many men were then glad to procure employment at very low rates. It is to be noted, too, that petitioner was employed, not as a foreman or for any position of command over others, but only as a derrickman. It is also worthy of note that at the time of petitioner's injury no bonus had been earned. Oil had not been ''struck''.

Under these circumstances, which we may read into the contract, and consequently under the contract itself, we conclude that respondent Commission was right in determining that petitioner's earning capacity was but two dollars fifty cents the day.

Award affirmed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1933.